**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 14, 2009

Charles R. Fulbruge III
Clerk

No. 08-50834
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOEL SALINAS-GARCIA, also known as Juan Carlos Ramirez-Ramos

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-1132-ALL

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Joel Salinas-Garcia appeals the 40-month sentence imposed following his guilty plea conviction for illegal reentry following deportation in violation of 8 U.S.C. § 1326. He contends that the sentence was greater than necessary to accomplish the sentencing goals set forth in 18 U.S.C. § 3553(a), and, thus, it was substantively unreasonable. Salinas-Garcia concedes that this court ordinarily applies a presumption of reasonableness to within-guidelines sentences. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cir.), *cert. denied*, 129 S. Ct. 328 (2008); *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008). Citing *Kimbrough v. United States*, 128 S. Ct. 558, 574-75 (2007), he contends that the presumption should not apply in this case because the 16-level enhancement he received under U.S.S.G. § 2L1.2 is not empirically supported. As he did not raise this argument below, plain error review applies. *See Campos-Maldonado*, 531 F.3d at 339. Salinas-Garcia further argues that the guidelines do not take into account that he has health problems and that the purpose of his return to the United States was to visit his sick father. He contends that in light of these factors a 33-month sentence would be reasonable. We review the sentence for reasonableness with regard to these issues because Salinas-Garcia raised them in the district court. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

The question in *Kimbrough* was whether "a sentence . . . outside the guidelines range is per se unreasonable when it is based on a disagreement with the sentencing disparity for crack and powder cocaine offenses." 128 S. Ct. at 564 (internal quotation marks and citation omitted). *Kimbrough* does not address the applicability of the presumption of reasonableness. Moreover, *Campos-Maldonado* supports the continued applicability of the appellate presumption to § 2L1.2 sentences. The district court considered Salinas-Garcia's sentencing arguments and imposed a sentence near the top of the guidelines based on his extensive recidivist criminal history. Salinas-Garcia's within-guidelines sentence is entitled to a rebuttable presumption of reasonableness. *See Campos-Maldonado*, 531 F.3d at 338; *Gomez-Herrera*, 523 F.3d at 565-66.

Because Salinas-Garcia has not shown that his sentence is unreasonable, he has not shown error, plain or otherwise. *See Campos-Maldonado*, 531 F.3d at 339. Accordingly, the district court's judgment is AFFIRMED.